```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BECKLEY
```

**BRIAN ARDEN RICHMOND,**

    **Petitioner,**

v.                                         **CIVIL ACTION NO. 5:03-0076**
                                               **CRIMINAL ACTION NO. 5:99-00239-01**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM OPINION

Pursuant to the court's judgment order of February 24, 2006, in which the court overruled both petitioner's objections to Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation [hereinafter "Findings and Recommendation" or "F & R"], confirmed and accepted the F & R, and indicated that an explanatory memorandum opinion would follow forthwith, the court now issues its Memorandum Opinion.

The court has conducted a de novo review of the record. On March 7, 2000, Brian Arden Richmond ("Richmond") appeared before the Honorable Charles H. Haden II, Chief United States District Judge, and pled guilty to Count One of a ten-count indictment charging him and co-defendants with conspiracy with intent to distribute marijuana and cocaine in violation of 21 U.S.C. § 846. (See Doc. Nos. 1, 87-88, 100.)  Richmond was sentenced on May 22, 2000, to a 189-month term of imprisonment, a 5-year term of supervised release, and a $1,000.00 fine.  (See Doc. No. 129.)

The remaining counts of the indictment were then dismissed on motion of the United States.  (Id.)

Richmond appealed the district court's denial of a downward departure in his sentence for acceptance of responsibility because the court did not cite any guideline criteria, but the Fourth Circuit affirmed his sentence by unpublished decision. See United States v. Richmond, 2001 WL 929877 (4th Cir. Aug 16, 2001).

On January 29, 2003, Richmond filed his petition under 28 U.S.C. § 2255, raising four grounds for relief.  (See Doc. No. 234 at 10-26.)  Among these, Richmond noted that (1) the government did not establish by a preponderance of the evidence the relevant drug quantity; (2) that he was sentenced on inaccurate information; (3) that the sentencing court incorrectly denied him a downward departure for acceptance of responsibility; and (4) that his sentencing and appellate counsel were ineffective.  (Id.)  The United States has filed a response to Richmond's petition on September 25, 2005.  (See Doc. No. 250.) In this response, the United States noted that Richmond's conviction was proper and that the grounds he was attempting to raise were invalid.

On February 2, 2006, the Magistrate Judge entered his Proposed Findings and Recommendations (Doc. No. 292).  In his findings and recommendation, the magistrate judge recommended

dismissing petitioner's petition because his claims were without merit. Richmond filed an objection to the magistrate judge's findings on February 16, 2006 (Doc. No. 294). Having reviewed his conclusions and petitioner's objections to them, for the reasons below, the court agrees with the findings of the magistrate judge.

1. <u>Objections to the Court's Referral of this Matter to Magistrate Judge VanDervort</u>

Richmond's first objection is that the court's referral of this matter to Magistrate Judge VanDervort was improper. (<u>See</u> Doc. No. 294 at 2.) Richmond notes that 28 U.S.C. § 636(b)(1)(B) does not give federal magistrate judges the authority to correct decisions of judge such as those for federal district courts appointed pursuant to Article III of the United States Constitution. (<u>Id.</u>) As such, Richmond desires that this court conduct a full review of this case itself, without the assistance of a magistrate judge. (<u>Id.</u>)

Petitioner is advised that federal magistrate judges routinely handle cases filed under 28 U.S.C. § 2255, subject to the de novo review of the district court. 28 U.S.C. § 636(b)(1)(B), quoted by Richmond on the second page of his latest brief, gives the magistrate judge the authority to prepare proposed findings of fact such as the one he prepared in this case. Preparing these findings does not cause the magistrate judge to be "engag[ed] in the criminal practice of law" as

Richmond suggests, or make him "co-counsel for the A.U.S.A." (See id. at 2.)  When the magistrate judge prepared his proposed findings and recommendation, he was doing so by Order of this court.  (See Doc. No. 237.)  He did nothing improper.  As such, Richmond's first objection is hereby OVERRULED.

    2.   Petitioner's Objection Regarding Judicial Factfinding

Richmond's next objections focus around the court's determination under the United States Sentencing Guidelines. (See, e.g., Doc. No. 294 at 15.)  Petitioner contends that his guilty plea was not voluntary and intelligent because he was not aware that sentencing factors included in his Pre-sentence Investigation were "elements" of his criminal offense.  (Id. at 7.)  Petitioner notes that the Sentencing Guidelines also include facts which heightens the liability to which he could be exposed. (Id. at 15.)  He notes that judicial fact finding resulted in him being exposed to a penalty of 189 months.  (Id. at 19.)

As the magistrate judge noted, the Fourth Circuit examined the propriety of Richmond's sentencing upon appeal.  (See Doc. No. 292 at 12) (discussing United States v. Richmond, 2001 WL 929877, at *4 (4th Cir. Aug. 16, 2001), cert. denied, 534 U.S. 1116 (2002).  Given that these issues were reviewed on direct appeal, Richmond is barred from raising them again.  See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.

1976).  As such, petitioner's second objection is hereby OVERRULED.

### 3. <u>Petitioner's Objection Regarding Apprendi / Blakely Issues</u>

In his objections, Richmond directly questions the magistrate judge's recommendation regarding Richmond's claims being invalid under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). In <u>Blakely</u>, the later of these two cases, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  <u>Blakely</u>, 542 U.S. at 301.  Here, as the magistrate judge found in his proposed finding and recommendation, petitioner had no argument under <u>Blakely</u> and <u>Apprendi</u> because his sentence under both the charge under 21 U.S.C. § 846 was under the statutory maximum for each offense.  (<u>See</u> Doc. No. 292 at 16.)  Such, neither decision was violated.

Because Richmond's sentence does not exceed the statutory maximum, it does not violate <u>Blakely</u> and <u>Apprendi</u>.  Insofar his objections contain any objection contrary to this finding, it is hereby OVERRULED.

4. <u>Conclusion</u>

For the reasons outlined herein, in a Judgement Order to be filed forthwith, petitioner's objections are overruled.

The Clerk is directed to forward a copy of this Memorandum Opinion to the petitioner, pro se, and to all counsel of record.

IT IS SO ORDERED this 27th day of February, 2006.

                                ENTER:

                                David A. Faber
                                Chief Judge